OPINION
On June 28, 2000, Appellant was arraigned upon an indictment charging him with one count of Rape, one count of Sexual Battery and one count of Corruption of a Minor.
On February 23, 2001, appellant pled guilty to one count of Sexual Battery, in violation of R.C. § 2907.02(A)(2) and one count of Corruption of a Minor, in violation of R.C.§ 2907.04(A). The State filed a Nolle Prosequi as to the count of Rape.
A sentencing hearing was held on April 9, 2001, which included a pre-sentence report and testimony from the probation officer.
By entry filed April 16, 2001, the trial court sentenced appellant to five years on the charge of Sexual Battery and eighteen months on the charge of Corruption of a Minor, with the sentences to run concurrently.
Appellant filed an appeal and this matter is now before this court for consideration. Appellant's assignments of error are as follows:
 I. THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE UPON THE DEFENDANT FOR A SINGLE OFFENSE OF SEXUAL BATTERY.
 II. THE TRIAL COURT ERRED AS TO THE RESTITUTION PORTION OF ITS SENTENCE PURSUANT TO OHIO REVISED CODE SECTION 2919.18(A)(1) IN THAT NO AMOUNT WAS GIVEN AS TO THE ACTUAL LOSS TO THE VICTIM.
 I.
Appellant claims the trial court erred in imposing the maximum sentence upon the appellant for a single offense of sexual battery. We disagree.
Initially, we no longer review felony sentencing under an abuse of discretion standard. After the enactment of Senate Bill 2 in 1995, an appellate court's review of an appeal from a sentence was modified, as per R.C. 2953.08:
 (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * *
(d) That the sentence is otherwise contrary to law.
Accordingly, we review the sentence under these guidelines
R.C. 2953.08(F) sets forth the record an appellate court must review. It provides in pertinent part:
 (F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
 (1) Any pre-sentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
 (2) The trial record in the case in which the sentence was imposed;
 (3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.
 (4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to judicial release under division (H) of section 2929.20 of the Revised Code.
Appellant has the right to appeal sentences which are contrary to law. Appellant argues that his sentence is contrary to law in that the court did not give adequate weight to the mitigating factors presented at the sentencing hearing, to-wit: the non-existence of a juvenile record and felony convictions; no prior prison term; first time sexual offender and the remoteness in time of past misdemeanor convictions.
Sexual Battery is a third degree felony. Appellant was sentenced to five years incarceration which falls within the R.C. § 2929.14 range established for felonies of the third degree. R.C. § 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence:
 (C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
We read this statute in the disjunctive. See State v. Comersford (June 3, 1999), Delaware App. No. 98CA01004, unreported, at 2. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
R.C. § 2929.19(B)(2)(d), sets the procedure that a trial court must follow when imposing the maximum sentence on an offender for a single offense. Such statute requires a trial court to "make a finding thatgives its reasons for selecting the sentence imposed" if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its "reasons for imposing the maximumprison term." (Emphasis added.) State v. Edmonson (1999),86 Ohio St.3d 324.
In the case sub judice, the trial court reviewed the statutory purposes of felony sentencing, and analyzed the facts of the case in light of the seriousness and recidivism factors contained in R.C. § 2929.12 and § 2929.13. As noted, the trial court found that the maximum sentence was necessary, after conducting the analysis required under R.C.2929.14(C). The court, in its Entry of April 16, 2001, made the following specific finding:
 The Court has considered the purposes and principals in Revised Code § 2929.11 and the factors in § 2929.12, and finds that the following factors exit [SIC], the age of the Defendant, the age of the victim, no remorse shown by the Defendant; prior criminal history, worst form of the offense, and substantial medical harm to the victim. The Court further finds that anything less than the maximum sentence would demean the seriousness of the offense, and would not adequately protect the public.
In making his decision, the judge considered: the pre-sentence investigation report; the fact that this crime was a sex offense; the age of the minor victim, who was thirteen when the offense took place; the substantial mental and physical injury sustained by the victim; the fact that the victim was impaired due to alcohol provided by the Appellant (Sent. T. at 6); the abuse of the relationship between the appellant and the victim which facilitated the offense; appellant's prior record, which included domestic violence, theft and falsification offenses (Sent. T. at 12); and finally the lack of remorse on the part of Appellant. After considering these factors, the court imposed a sentence within the statutory parameters.
The trial court found on the record that appellant committed the worst form of the offense by using alcohol to subdue his victim and that a minimum sentence would demean the seriousness of the offense and would not adequately protect society.
Based on the above, we find that the record supports the sentence. Hence, the trial court did not err in sentencing appellant to the maximum sentence under R.C. 2929.14(C) and such sentence is not contrary to law.
Appellant's First Assignment of Error is overruled.
 II.
Appellant argues that the trial court erred in not determining the amount of the restitution at the sentencing hearing. We agree.
In its sentencing entry, the trial court ordered restitution, as follows:
 It is FURTHER ORDERED that the Defendant shall . . . make restitution to the victim in an amount to be determined by the Adult Probation Department and submitted to this Court by separate entry.
A trial court may impose restitution as part of a sentence pursuant to R.C, 2919.18(A)(1), which provides:
 (A) . . . Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. . . . At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender. (Emphasis added.)
The trial court in the present case ordered restitution as a part of Appellant's sentence following his guilty pleas. The trial court's failure to determine the amount of restitution at sentencing, however, as required by R.C. § 2929.18 constitutes plain error.
Accordingly, we sustain Appellant's second assignment of error and remand this cause for the trial court to conduct a hearing to determine the amount of restitution to be made.
While this court understands the difficulty of establishing a restitution amount with a reasonable degree of certainty where, as in the present case, the victims psychiatric counseling is still ongoing at the time of sentencing, R.C. § 2929.18 mandates same. However, such does not prevent the Adult Parole Authority from ordering further restitution as a condition of Appellant's Post Release Control. Under Ohio Adm. Code5120:1-1-41, the parole board is authorized to impose any sanction listed in R.C. 2929.16, 2929.17, 2929.18, including monetary restitution.
The decision of the trial court is affirmed in part and reversed in part and remanded to the trial court for proceedings in accordance with this opinion.
By BOGGINS, J., EDWARDS, P.J. and GWIN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed in part and reversed in part. Costs to be assessed equally between the parties.